IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00348-ZLW-KLM

JONATHAN W. WOODSTOCK,

    Plaintiff,

v.

DIRECTOR GARY GOLDER,
WARDEN SUSAN JONES, and
INVESTIGATOR RICHARD WREN,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's untitled pleading to "resend any motions or orders filed during [the time]" Plaintiff was in the hospital [Docket No. 24; Filed May 25, 2010] ("Motion No. 24") and Plaintiff's untitled pleading objecting to the involvement of a Magistrate Judge in his case [Docket No. 25; Filed June 7, 2010] ("Motion No. 25"). Both pleadings were docketed as motions and referred to me for resolution. This matter is also before me on Plaintiff's **Motion to Appoint Counsel** [Docket No. 26; Filed June 7, 2010] ("Motion No. 26").

    IT IS HEREBY **ORDERED** that Motion No. 24 is **GRANTED**. The only significant pleadings docketed between early April and May 25, 2010 are my Order to Show Cause issued on May 13, 2010 [Docket No. 23] and the unexecuted summons for Defendant Golder [Docket No. 22]. Accordingly,

    IT IS FURTHER **ORDERED** that, in conjunction with this Order, the Clerk shall mail

a copy of Order #23 and Docket #22 to Plaintiff.

IT IS FURTHER **ORDERED** that the Court *sua sponte* extends the Order to Show Cause deadline set forth in Order #23 to **June 30, 2010**.

IT IS HEREBY **ORDERED** that Motion No. 25 is **DENIED**. To the extent that Plaintiff challenges my involvement in his case, Senior District Judge Zita L. Weinshienk has expressly authorized me to handle pretrial issues in this matter [Docket No. 18] pursuant to 28 U.S.C. § 636(b)(1)(A)-(C), Fed. R. Civ. P. 72 and D.C.COLO.LCivR 72.1C. The appropriate method to challenge any orders entered by me is to file a pleading titled an "Objection," and Judge Weinshienk will resolve the challenge.

IT IS HEREBY **ORDERED** that Motion No. 26 is **DENIED**. The Court does not have the power to appoint an attorney without the attorneys' consent, *Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989), nor does the Court have funds available to pay an attorney who agrees to represent an indigent litigant in a civil case. Nevertheless, the Court can seek volunteer counsel to represent a plaintiff such as this Plaintiff if the Court determines in its discretion that it is appropriate to do so. The Clerk of the Court maintains a list of *pro se* cases for which the court is seeking volunteer counsel. However, the Court clarifies that mere placement on this list would not automatically mean that Plaintiff would receive counsel. Rather, placement on the list results in representation being secured for Plaintiff only if counsel <u>volunteers</u> to represent him. Because of the number of cases on the list and the shortage of volunteer attorneys, placement on the list frequently does not result in counsel being obtained. In such circumstances, despite placement of a case on the list, a *pro se* litigant remains responsible

for litigating his case himself.

The Court will only seek volunteer counsel for a *pro se* plaintiff if a consideration of the following factors so warrants: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the plaintiff's ability to present his claims, and (4) the complexity of the legal issues raised. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). A further consideration is whether there exists any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the *pro se* plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *See Rucks*, 57 F.3d at 979.

In this case, Plaintiff has demonstrated his ability to frame facts and state claims for relief under various constitutional provisions. His filings to date indicate that he has a grasp of the facts and issues in this case, that he is capable of presenting the case, and has presented his claims adequately. The legal issues, though varied, are not overly complex, novel, or difficult to state or analyze. Additionally, the record bears no indication that Plaintiff has made efforts to obtain counsel for himself or that Plaintiff has any special circumstances that merit appointment.

The fact that the Plaintiff is incarcerated, including that he has limited access to the law library, is unskilled in the law, or lacks resources to hire an attorney does not warrant the need for volunteer counsel. The fact of Plaintiff's incarceration, lack of legal acumen and limited resources are normal, not special, circumstances in this type of case, and therefore, do not provide special circumstances to consider in determining whether to seek volunteer counsel. Although mindful of the difficulties faced by *pro se* parties, particularly

prisoners, courts and legislating bodies have made a distinction between civil and criminal cases regarding the necessity of counsel. *See, e.g.*, *Mallard*, 490 U.S. at 301 (1989) ("Congress did not intend § 1915[(e] to license compulsory appointments of counsel . . . ."); *Custard v. Turner*, No. 06-cv-01036-WYD-CBS, 2008 WL 4838564, at *1 (D. Colo. Nov. 6, 2008) (unpublished decision) (noting that the court is without statutory authority to commit federal funds to "require counsel to represent" an indigent civil litigant). In addition, I note that Plaintiff chose to bring this civil action voluntarily knowing the limitations he would face due to his incarcerated status and lack of legal training and resources. To the extent that Plaintiff feels that he cannot bear these responsibilities, he may voluntarily dismiss his case without prejudice pursuant to Fed. R. Civ. P. 41(a). However, while the case is pending, it remains Plaintiff's legal obligation to comply with my Orders and the Federal and Local Civil Rules. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

Dated: June 8, 2010

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge