IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00348-ZLW-KLM

JONATHAN W. WOODSTOCK,

    Plaintiff,

v.

DIRECTOR GARY GOLDER,
WARDEN SUSAN JONES, and
INVESTIGATOR RICHARD WREN,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion to Stay Discovery and Further Proceedings Pending a Ruling on the Motion to Dismiss** [Docket No. 54; Filed January 14, 2011] (the "Motion to Stay"). Defendants ask the Court to stay discovery in this case until after District Judge Weinshienk has ruled on their pending Motion to Dismiss [Docket No. 34] (the "Motion to Dismiss").

Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) (unreported decision) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unreported decision)

(finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that ordering a stay of discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

When exercising its discretion, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987) (unreported

decision)).

In this case, staying discovery would not prejudice Plaintiff. Plaintiff has already received from Defendants documents that are responsive to nearly all of his Requests for the Production of Documents. *Motion to Stay* [#54] at 2, ¶5 ("Plaintiff previously served Defendants with a Request for the Production of Documents containing three requests for production. Defendants responded thereto."); *id.* at ¶6-8 (explaining that Defendants object to only one of Plaintiff's requests for production in his Second Request for the Production of Documents); *see also Defendants' Response to Plaintiff's [Second] Request for Production of Documents* [Docket No. 53-1] (objecting only to the production of copies of "any reports/investigations done by the Inspector General's Office in regards to any [Prison Rape Elimination Act] claims"). Plaintiff's only outstanding document request seeks copies of records. *See Defendants' Response to Plaintiff's [Second] Request for Production of Documents* [#53-1] at 1-3. Nothing indicates that these records are at risk of loss or spoliation. Accordingly, there will be no prejudice to Plaintiff if he is required to wait to receive the records until after the Defendants' Motion to Dismiss [#34] is resolved. The Court finds that the first *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the second factor, the Court finds that Defendants have not demonstrated that proceeding with the discovery process presents an undue burden. However, Defendants are correct that proceeding will be wasteful if District Judge Weinshienk grants their Motion to Dismiss [#34]. Further, the parties currently have a dispute regarding one of Plaintiff's document requests that will likely require resolution by the Court. *See Defendants' Motion for Protective Order* [Docket No. 53]. To resolve the dispute, the Court will have to expend its time and resources. If the Motion to Dismiss [#34]

is resolved in favor of Defendants, the Court's expenditure would be for naught. The Court therefore finds that the second *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the third factor, it is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed on the merits. *See Chavous*, 201 F.R.D. at 5 (Staying discovery pending decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings].").

With regard to the fourth factor, there are no nonparties with significant particularized interests in this case. Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against staying discovery.

With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the Court clearly serves this interest. Thus, the fifth *String Cheese Incident* factor weighs in favor of staying discovery.

Weighing the relevant factors, the Court concludes that staying discovery pending resolution of Defendants' Motion to Dismiss [#34] is appropriate. Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Stay [#54] is **GRANTED**.

IT IS FURTHER **ORDERED** that the February 28, 2011 deadline for the completion of discovery is **vacated**. All discovery is stayed pending resolution of Defendants' Motion to Dismiss [#34].

IT IS FURTHER **ORDERED** that Defendants' **Motion for a Protective Order** [#53]

is **DENIED as moot**.

DATED: January 19, 2011 at Denver, Colorado.

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge